**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID RIOS RAMIREZ,<br>Petitioner,<br>v.<br>TONYA ANDREWS,<br>Respondent. | Case No. 1:26-cv-08496 JLT EGC<br>A-Number: 240-174-832<br>ORDER DISMISSING PETITION WITHOUT PREJUDICE, DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE |

David Rios Ramirez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, with which he filed a motion for temporary restraining order. (Docs. 1, 3.) For the reasons discussed below, the petition is **DISMISSED** without prejudice.

## I. Background

Petitioner reports that he first came to the United States in 1999. (Doc. 1 at 5.) He returned to Mexico in 2004 for a family emergency, but he returned to the United States the same year. (*Id.*) In 2006, Petitioner left the United States after being granted a voluntary departure. (*Id.*) Sometime later, Petitioner returned to the United States through the border of Mexico. (*Id.*)

Petitioner reports that on October 5, 2026, his wife was driving him to work when they were stopped by two unmarked vehicles, and "two individuals wearing weapons approach[ed]" and asked "if [he] was Ramirez Rios David on repetitive occasions." (Doc. 1 at 6.) Petitioner

asserts that once he provided the name to the ICE officers, he was arrested. (*Id.*) Petitioner is now detained at the Golden State Annex.

Petitioner submitted the pending petition to this Court dated October 5, 2026. (Doc. 1.) The sole claim raised in the petition is for a violation of the due process clause of the Fifth Amendment. (*Id.* at 16-17.) Petitioner asserts, "To justify Petitioner's ongoing prolonged detention, due process requires that the government establish, at an individualized bond hearing before a neutral decisionmaker, that Petitioner's detention is justified by clear and convincing evidence of flight risk or danger." (*Id.* at 16.) Petitioner alleges that his "ongoing prolonged detention without a hearing violates due process." (*Id.* at 17.)

On October 26, 2026, Respondents filed a response to the petition, asserting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). (*See generally* Doc. 8.)

## **II. Jurisdiction**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2.) Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## **III. Summary Dismissal**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4, which is applicable to Section 2241 petitions under Rule 1(b), provides in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes indicate the Court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4, pursuant to a motion to dismiss, or after an answer to the petition is filed.

///

**IV. Discussion and Analysis**

The Fifth Amendment's due process clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." *U.S. Const. Amend. V*. It is well-established that the Fifth Amendment requires "due process of law in deportation proceedings," *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Nevertheless, the Supreme Court recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure").

The Supreme Court held that a detention period of less than six months is presumptively reasonable as to individuals, such as Petitioner, who are detained pursuant to 8 U.S.C. § 1226(a). *Zadvydas*, 533 U.S. at 701. Beyond that six-month period, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. In addition, the Supreme Court noted that shorter detention periods during removal proceedings lasting roughly between a month and a half to five months are a "constitutionally permissible part of [the removal] process." *Demore v. Kim*, 538 U.S. 510, 530 (2003).

Prolonged detention periods without a bond hearing may violate the due process clause. *See*, *e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) (expressing "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional...."); *Diop v. ICE/ Homeland Sec.*, 656 F.3d 221, 234-35 (3d Cir. 2011) ("detention for nearly three years without further inquiry into whether it was necessary to ensure … appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable, and, therefore, a violation of the Due Process Clause").

As noted above, the sole claim raised in the petition is that "Petitioner's ongoing prolonged detention without a bond hearing violates due process." (Doc. 1 at 17; *see also id.* at 16-17.) Significantly, however, Petitioner submitted his petition for writ of habeas corpus on *the same date* as he was detained: October 5, 2026. (*Id.* at 6, 18.) The Court is unable to find the

detention period qualifies as "prolonged," such that Petitioner has suffered the due process violation alleged in the petition. Rather, his current detention is within the period that is presumptively reasonable under *Zadvydas.*

## V. Conclusion and Order

Based upon the foregoing, the Court finds that Petitioner fails to show his detention is "prolonged" in a manner that violates the due process clause of the Fifth Amendment. For this reason, his petition is subject to dismissal without prejudice. *See, e.g. Franco Santana v. Warden Detention Facility,* 2026 WL 183746, at *2 (E.D. Cal. Jan. 23, 2026), *adopted* 2026 WL 498396 (Feb. 23, 2026) (finding a detention of less than two months without a bond hearing did not establish a due process violation, and summary dismissal of the petition without prejudice was appropriate). Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
2. Petitioner's motion for temporary restraining order (Doc. 3) is denied as **MOOT**.
3. The Clerk of Court is directed to terminate pending matters as moot and close this case.

IT IS SO ORDERED.

Dated: November 12, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE